# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| EDWARD POINTER, *a/k/a Edward Pointer-Bey*, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RICARDO RIOS, *Warden*, )<br>)<br>Respondent. ) | Case No.  10-cv-1056 |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 1).  Petitioner, an inmate at the Pekin Federal Correctional Institution in Pekin, Illinois, challenges the execution of his federal sentence, alleging that his good conduct time has been miscalculated.  (Doc. 1 at 3).  On February 23, 1993, following a jury trial, Petitioner was convicted of bank robbery in violation of 18 U.S.C. § 2113(A) and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).  He was sentenced to 232 months on the bank robbery count and a mandatory consecutive 60 months for the use of a firearm count.  (Doc. 1 at 1-2).

In his § 2241 Petition and Memorandum, Petitioner argues that his good conduct time has been incorrectly calculated, resulting in an incorrect release date. Petitioner does not specify what date the Bureau of Prisons has calculated as his release date, but according to his calculations, the date should be February 19, 2013.  (Doc. 2 at 4).  The Court, in its discretion, applies the Rules Governing

Section 2254 Cases in the District Courts to this case.[1]  *See* Rule 1(b) Governing Section 2254 Cases in the District Courts.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court has examined the Petition and cannot determine that Petitioner's claim has no merit.  Therefore, Respondent will be directed to respond to the Petition.

IT IS THEREFORE ORDERED:

1. The Clerk SHALL cause a copy of the Petition and Memorandum (Docs. 1 & 2) to be served upon Respondent.

2. Respondent SHALL file an answer, motion, or other response under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts within sixty (60) days after service of the Petition.  Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred.  In addition, Respondent should address the merits of Petitioner's claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

3. Petitioner MAY file a reply to Respondent's response within thirty (30) days of being served with Respondent's response.

---

[1] *See also Hudson v. Helman*, 948 F.Supp. 810, 811 (C.D. Ill. 1996) (Rule 4 takes precedence over § 2243's deadlines and gives court discretion to set deadlines) (*citing Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994) (Rule 4 is superseding statute over § 2243); *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (court may apply § 2254 Rules to § 2241 cases))

4.  Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

Entered this <u>6th</u> day of April, 2010.

                                                    s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                       United States Senior District Judge