UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| EDWARD DUANE POINTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-1056 |
| | ) | |
| RICARDO RIOS, *Warden,* | ) | |
| | ) | |
| Respondent. | ) | |

# O P I N I O N & O R D E R

Petitioner, Edward Duane Pointer, is before the Court on a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Memorandum in Support, filed on March 5, 2010. (Docs. 1 & 2). On June 4, 2010, Respondent filed his Response to the Petition for Writ of Habeas Corpus. (Doc. 7). Petitioner filed a Reply on June 16, 2010. (Doc. 8).

On February 22, 1993, Petitioner was convicted of bank robbery (Count One) and the use of a firearm during a crime of violence (Count Two). (Doc. 2 at 1-2). On June 2, 1993, the District Court for the Eastern District of Wisconsin sentenced him to 232 months in prison on Count One and an additional 60 months on Count Two. (Doc. 2 at 2). The sentences were to run consecutively. (Doc. 2 at 2). Based upon the Good Conduct Time ("GCT") credits Petitioner has already earned, those he is

projected to earn,[1] and a 211 day credit afforded him for time already served, the Federal Bureau of Prisons ("BOP") has projected that he will have a release date of March 5, 2014. (Doc. 7 at 2).

Petitioner argues that the BOP has improperly administered his sentences resulting in an erroneous projected release date. (Doc. 2 at 1). Specifically, Petitioner takes issue with the manner in which the BOP has calculated his GCT credits. (Doc. 2 at 2-4). The BOP aggregates consecutive sentences and treats them as one when it determines GCT credits. (Doc. 7 at 15). Petitioner argues that this is incorrect and that the BOP is required to separate the sentences and apply the GCT calculation to each individually. (Doc. 2 at 2-4). According to Petitioner, "any good conduct time for both sentences must be calculated individually as the sentences, per statute, were imposed individually." (Doc. 2 at 2).[2]

Section 3584(c) of Chapter 18 of the United States Code provides that "[m]ultiple terms of imprisonment ordered to run consecutively . . . shall be treated

---

[1] Pursuant to 18 U.S.C. §3624(b)(1), for every year served, Petitioner may earn up to 54 days of GCT credits. Aside from 57 such credits that Petitioner forfeited in 1993 and 1994, the BOP projects that he will earn all 54 every year. (Doc. 8-1 at 47).

[2] In addition, in his Memorandum in Support, Petitioner implicitly challenges the BOP's calculation of his GCT credits by the number of days he will serve in prison as opposed to number of days he has been sentenced in that the calculations he performs in his Memorandum are based upon the length of his sentence and not the length of time he will actually serve in prison. (*See* Doc. 2 at 4). Petitioner rejects this method in his Reply, however, and performs his calculation therein using the "time-served" method, as recognized by the Supreme Court in *Barber v. Thomas*, 130 S.Ct. 2499 (2010). (*Compare* Doc. 2 at 4 (calculating Petitioner's Count Two sentence to be 4 years, 3 months, and 2 days) *with* Doc. 9 at 4 (calculating Petitioner's Count Two sentence to be 4 years, 4 months, and 8 days)).

for administrative purposes as a single, aggregate term of imprisonment."[3] Further, the Supreme Court has recognized that "the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Part of such administration includes approving "good time regulations" and calculating GCT credits. 18 U.S.C. § 3624(b)(1). Therefore, the BOP has the authority to administer GCT credits, and in performing this administrative function it is directed by statute to treat consecutive sentences as a single, aggregate term. Accordingly, the BOP is correct in its method of calculating Petitioner's projected release date. Moreover, even though the BOP is correct in aggregating Petitioner's sentences, Respondent has also demonstrated that even if it were to treat Petitioner's two sentences as separate terms of imprisonment, Petitioner's projected release date would remain March 5, 2014. (Doc. 7 at 15-16).[4]

---

[3] Petitioner recognizes this statute, however he argues that, based upon *United States v. Yarber*, No. 00-cr-20031, 2008 WL 695362 (C.D. Ill. March 12, 2008), the Court should nevertheless treat his sentences as separate terms of imprisonment. (Doc. 2 at 3). In *Yarber*, Chief Judge McCuskey held that § 3584(c) did not require the judiciary to aggregate sentences when an inmate was seeking to have his sentence reduced. 2008 WL 695362, at *4. This decision did not deal with how the BOP was to administer a sentence, and thus is not persuasive here. In fact, the Chief Judge recognized such distinction—between the issue before him and the BOP's administration of an inmate's sentence—in his Opinion. *Id.* at *3 ("The Government argued that Defendant is not asking this court to *administer his sentence* (a duty of the executive branch) but is rather asking this court to reduce his sentence." (emphasis added)).

[4] Petitioner seems to believe that were the two sentences to be treated separately, the requirement that GCT credits be calculated based upon time-served rather than time-sentenced would not apply because he was still in prison. (Doc. 2 at 4). Such an argument is inconsistent. If the sentences were to be treated separately, then they would have to be calculated independently, as if the other did not exist. That is, Petitioner could not continue to earn GCT credits for the full 232 months of the

For the foreging reasons, the Court finds that the BOP's method of calculating Petitioner's release date is proper. Accordingly, Petitioner's Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE. IT IS SO ORDERED.

CASE TERMINATED.

Entered this <u>14th</u> day of October, 2010.

<u>   s/ Joe B. McDade   </u><br>
JOE BILLY McDADE<br>
United States Senior District Judge

---

first sentence even though he had technically started serving his second, because the first sentence would have terminated on the date that the credits accrued during it so dictated. Then, the second sentence would independently begin, with its own GCT credits being earned for the days served under it. Petitioner would essentially like to "double-dip" and earn GCT credits for the first sentence while serving, and earning GCT credits on, the second. This he cannot do.