## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| EDWARD DUANE POINTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-cv-1056 |
| ) | |
| RICARDO RIOS, *Warden,* ) | |
| ) | |
| Respondent. ) | |

# O P I N I O N   &   O R D E R

This matter is before the Court on Petitioner's Notice of Appeal of this Court's October 14, 2010 Opinion & Order dismissing his Petition for Writ of Habeas Corpus. (Doc. 13). The Court construes the Notice of Appeal as a request for a Certificate of Appealability. *See* FED. R. APP. PROC. 22(b)(1). For the reasons stated below, the request for a Certificate of Appealability is DENIED.

On February 24, 2010, this Court dismissed Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 11). The Court rejected Plaintiff's claim that the Bureau of Prisons had improperly administered his sentences resulting in an erroneous projected release date. (Doc. 11 at 2). The Court found that the Bureau of Prisons has the authority to administer a prisoner's sentences, and that pursuant to 18 U.S.C. § 3584(c) the proper method for administering multiple terms of imprisonment is to treat them as a single aggregate term. (Doc. 11 at 2-3). Because Petitioner's only argument was that his terms should be treated

separately for the purpose of calculating Good Conduct Time credits, the Court entered judgment dismissing his Petition with prejudice.

Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a Certificate of Appealability. Here, Petitioner has filed his Notice of Appeal, which the Court construes as a request for a Certificate of Appealability from the Court's October 14, 2010 Opinion & Order. A Certificate of Appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the Certificate. FED. R. APP. PROC. 22(b)(1)(3).

In his Notice of Appeal, construed as a request for a Certificate of Appealability, Petitioner has made no argument that the Court's October 14, 2010 Opinion & Order dismissing his Petition for Writ of Habeas Corpus was debatable or incorrect. Moreover, the Court has reviewed its October 14, 2010 Opinion &

Order, and finds no basis for a determination that the decisions were debatable or incorrect.

IT IS THEREFORE ORDERED that Petitioner's Notice of Appeal, construed as a request for a Certificate of Appealability (Doc. 13), is DENIED.

CASE TERMINATED.

Entered this 22nd day of October, 2010.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge